BWB:GKS
F.#2016R00840

FILED
CLERK

2016 JUN 10 PM 3:32

U.S.
EASTERN
OF NEW

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - -X

| | |
|---|---|
| UNITED STATES OF AMERICA | INDICTMENT |
| - against - | Cr. No. CR16 - 319 |
| DIVINE JOHNSON<br>    also known as "Rhino" and<br>    "Ryno," | (T. 18, U.S.C., §§ 1951(a),<br>924(c)(1)(A)(i), 924(c)(1)(A)(ii),<br>924(d), 981(a)(1)(C), 2 and 3551<br>et seq.; T. 21, U.S.C., § 853(p);<br>T. 28, U.S.C., § 2461(c)) |
| Defendant. | |

GARAUFIS, J.

- - - - - - - - - - - - - -X

GOLD, M.J.

THE GRAND JURY CHARGES:

COUNT ONE
(Hobbs Act Robbery Conspiracy)

1.  On or about September 14, 2015, within the Eastern District of New York and elsewhere, the defendant DIVINE JOHNSON, also known as "Rhino" and "Ryno," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency from employees of Hill Country BBQ, located at 345 Adams Street in Brooklyn, New York.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT TWO
(Hobbs Act Robbery)

2. On or about September 14, 2015, within the Eastern District of New York, the defendant DIVINE JOHNSON, also known as "Rhino" and "Ryno," together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency from employees of Hill Country BBQ, located at 345 Adams Street in Brooklyn, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT THREE
(Hobbs Act Robbery Conspiracy)

3. On or about September 20, 2015, within the Eastern District of New York and elsewhere, the defendant DIVINE JOHNSON, also known as "Rhino" and "Ryno," together with others, did knowingly and intentionally conspire to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency and checks from employees of Washington Seafood, located at 52 Washington Avenue in Brooklyn, New York.

(Title 18, United States Code, Sections 1951(a) and 3551 et seq.)

## COUNT FOUR
(Hobbs Act Robbery)

4. On or about September 20, 2015, within the Eastern District of New York, the defendant DIVINE JOHNSON, also known as "Rhino" and "Ryno," together with others, did knowingly and intentionally obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of United States currency and checks from employees of Washington Seafood, located at 52 Washington Avenue in Brooklyn, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

## COUNT FIVE
(Possessing and Brandishing a Firearm During a Crime of Violence)

5. On or about and between September 14, 2015 and September 20, 2015, both dates being approximate and inclusive, within the Eastern District of New York, the defendant DIVINE JOHNSON, also known as "Rhino" and "Ryno," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to one or more crimes of violence, to wit: the crimes charged in Counts One through Four, and did knowingly and intentionally possess such firearms in furtherance of said crimes of violence, one or more of which firearms was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 2 and 3551 et seq.)

# CRIMINAL FORFEITURE ALLEGATION
# AS TO COUNTS ONE THROUGH FOUR

6. The United States hereby gives notice to the defendant that, upon conviction of any of the offenses charged in Counts One through Four, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offenses to forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to such offenses; and (b) Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any violation of any criminal law of the United States.

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d) and 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

# CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT FIVE

8. The United States hereby gives notice to the defendant that, upon conviction of the offense charged in Count Five, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in knowing violation of such offense.

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

*Mary E. Barley*
FOREPERSON

ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

6

F. #2016R00840

FORM DBD-34

JUN. 85

No.

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

vs.

DIVINE JOHNSON
also known as "Rhino" and "Ryno,"

Defendant.

## INDICTMENT

( T. 18, U.S.C., §§ 1951(a), 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(d), 981(a)(1)(C), 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

*Mary F. Bailey*

*Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____

*Clerk*

*Bail, $* _____

*G. Karthik Srinivasan, Assistant U.S. Attorney (718) 254-6013*